## Case No. 16,025.
### UNITED STATES v. PENN.

[13 N. B. R. 464.] [1]

Circuit Court, S. D. Ohio. 1876.

CRIMINAL LAW—EVIDENCE—BANKRUPTCY—INDICT-
MENT FOR OBTAINING GOODS ON FALSE
PRETENCES.

1. The examination of a witness before an examining court, where the witness has since died, is competent evidence in a trial upon indictment of the party for the same offense.

2. The statements of a party charged with absconding, made on his way from the place of his residence, as to his intention of returning, is competent evidence to disprove the charge.

3. Under an indictment based upon the ninth clause of the forty-fourth section of the bankrupt law (Rev. St. § 5132), charging the defendant with obtaining goods under the false pretense of carrying on business, and dealing in the ordinary course of trade, it must be shown that the defendant represented to the person from whom the goods were obtained, that he was so carrying on business, that the person was induced to part with his goods by reason of such representation, and that he was not so carrying on business. But this representation may be by acts and conduct as well as by words.

[Cited in U. S. v. Myers, Case No. 15,848.]

4. Under the tenth clause of this section, it must be shown that the intent to defraud existed in the mind of the bankrupt against his creditors generally, and not against this particular creditor from whom the goods were obtained.

5. The rule as to the measure and character of proof in criminal cases.

Indictment for obtaining and disposing of goods in violation of the provisions of the bankrupt law.

The first count in the indictment in this case, alleges that on the 17th day of October, in the year A. D. 1873, Robert B. Smart commenced a proceeding in bankruptcy against the defendant, Samuel M. Penn, late of the county of Ross, in the state of Ohio, by filing in the district court of the United States, within the Southern district of Ohio, a petition, duly verified, and recites the allegations of the petition, giving jurisdiction to said court, and the act of bankruptcy, charged in said petition, to wit: That on the 10th day of September, A. D. 1873, the defendant departed out of and from the state of Ohio, with intent to defraud his creditors, and that on the 28th day of October, A. D. 1873, the defendant was adjudged by said court a bankrupt: And charges that the defendant, within three months next, before the commencement of proceedings in bankruptcy against him, did unlawfully, willfully and fraudulently, obtain on credit, from Meyers, Thieman & Co., certain goods and chattels, to wit: Two trunks of notions, white goods. hosiery, gloves, and ribbons, of the value of three hundred dollars, under color and pretense of carrying on business as a merchant at Bainbridge, and dealing in the ordinary course of trade, which said color and pretense was false, and which goods and chattels were not obtained as aforesaid, for the purpose of carrying on business as a merchant, and dealing in the ordinary course of trade; he, the defendant, then and there, well knowing that the said color and pretense was false. The second count charges that the defendant, within three months next before the commencement of proceedings in bankruptcy against him, to wit: On the 17th day of September, A. D. 1873, did unlawfully, knowingly, and with intent to defraud his creditors, dispose of to one Mrs. Estelle, certain of his goods and chattels, to wit: Two trunks of notions, white goods, hosiery, gloves, and ribbons, of the value of three hundred dollars, otherwise than by bona fide transactions in the ordinary course of his trade, which had been obtained by him on credit from Meyers, Thieman & Co., and remained unpaid for. The third count charges that the defendant within three months next before the commencement of proceedings in bankruptcy against him, to wit: On the 17th day of September, A. D. 1873, did unlawfully, willfully, and fraudulently, obtain on credit, from John Shillito & Co.. certain goods and chattels, to wit: One package of embroidery and laces, of the value of one hundred and fifty dollars, under color and pretense of carrying on business as a merchant and dealer

---

[1] [Reprinted by permission.]

in the ordinary course of trade, which said color and pretense was false, and which goods were not obtained for the purpose of carrying on business as a merchant, and dealing in the ordinary course of trade; the defendant well knowing that the said color and pretense was false, and intending there and then to defraud the said John Shillito & Co. The fourth count sets out in full the proceedings in bankruptcy, and charges the defendant with obtaining goods of John Shillito & Co., as in the third count charged.

This prosecution is brought under the 5132d section of the Revised Statutes of the United States. The first, third, and fourth counts in the indictment are based upon the ninth clause of the section, and which provides, "that every person, who within three months before the commencement of proceedings in bankruptcy, under the false color and pretense of carrying on business and dealing in the ordinary course of trade, obtains on credit, from any person, any goods or chattels with intent to defraud," shall be punished by imprisonment, with or without hard labor, for not more than three years. The second is based upon the tenth clause of the section, which provides: "Or within three months next before the commencement of proceedings in bankruptcy, with intent to defraud his creditors, pawns, pledges, or disposes of, otherwise than by transactions made in good faith, in the ordinary course of trade, any of his goods or chattels, which have been obtained on credit, and remain unpaid for, shall be punishable by imprisonment, with or without hard labor for not more than three years."

During the progress of the trial, counsel for the government, after having shown that there had been an examination of the defendant before a United States commissioner, upon the charge contained in the indictment, that upon that examination one Williams was sworn and examined as a witness on behalf of the government, and was cross-examined by counsel for the defendant, and that said Williams was dead. Offered in evidence the examination of said witness on said examination. To the admission of this evidence, counsel for the defendant objected, for the reason that the examination before the commissioner was not a suit, and that the issue was not the same.

HELD BY THE COURT. The examination by the commissioner, was such a judicial proceeding as would come within the rule, admitting such evidence, and the charge in one of the counts being the same as was the issue in the examination before the commissioner, to that extent that it was the same issue, and the general rule being that where a witness already examined in a judicial proceeding, between the same parties, involving the same issue, has since died, his former examination is admissible. Starkie, Ev. 51; 1 Greenl. Ev. 193; Tayl. Ev. 436, 440; U. S. v. Macomb [Case No. 15,702]; Wagers v. Dickey, 17 Ohio, 439; Hoover v. Jennings, 11 Ohio

St. 624. The objection will, therefore, be overruled and the testimony admitted.

The counsel for the government introduced further evidence tending to prove that the defendant had absconded and left the state with the intention of remaining absent therefrom. The counsel for the defendant then offered to prove by a witness, what the defendant, while on his journey from the state, stated his intentions were in regard to returning, to which the counsel for the government objected.

BY THE COURT. The rule of law is, "That if a person changes his domicile or actual residence, or is upon a journey, or leaves his home, or returns thither, or remains, or secretes himself, or, in fine, does any other act, material to be understood, his declarations made at the time of the transaction, and expressive of its character, motive, or object, are regarded as verbal acts, indicating a present purpose and intention, and are, therefore, admitted in proof, like any other material facts; so upon an inquiry as to the state of mind, sentiments, or opinions of a person at any particular period, his contemporaneous declarations are admissible as part of the res gestæ." "And so extensive is the rule in its operation, that to a certain degree it overrules the rule which precludes a party's declarations from being evidence for himself." 1 Tayl. Ev. 521, 529; Starkie, Ev. 87, 467; 1 Greenl. Ev. § 108; Thorndike v. City of Boston, 42 Mass. [1 Metc.] 242; Lund v. Inhabitants of Tyngsborough, 63 Mass. [9 Cush.] 37; Inhabitants of Gorham v. Inhabitants of Canton, 5 Me. 266. The objection will therefore be overruled, and the testimony admitted.

W. M. Bateman and Mr. Richards, for the Government.

Job Stephenson and R. A. Johnston, for defendant.

SWING, District Judge. The offense created by the ninth clause of this section, and which is charged in the first, third, and fourth counts of the indictment, is composed of the following elements: First. That proceedings in bankruptcy were commenced against the defendant. Second. That he obtained on credit from the parties named in the indictment the goods therein described. Third. That he obtained them within three months before the commencement of the proceedings in bankruptcy. Fourth. That he obtained them under the color and pretense of carrying on business, and dealing in the ordinary course of trade. Fifth. That such color and pretense were false. Sixth. That he obtained them with intent to defraud. Each one of which must be established by the evidence in the case before the jury will be justified in returning a verdict of guilty. There is no material controversy in regard to the existence of the first three facts, to wit: The commencement of the proceedings in bankruptcy; the obtaining on credit from the parties the

goods; and that it was within three months before the proceedings in bankruptcy. But the last three are the principal facts con tested.

If you find from the evidence that proceedings in bankruptcy were properly commenced against the defendant, that he obtained on credit from the parties the goods described, and that it was within three months before the commencement of the proceedings in bankruptcy, you will then inquire whether he obtained them under the color and pretense of carrying on business as a merchant at Bainbridge, and dealing in the ordinary course of trade? In order to establish this fact, it must be shown by the evidence that the defendant pretended to the parties that he was carrying on business as a merchant at Bainbridge, and dealing in the ordinary course of trade. This pretense may, however, have been by conduct as well as by words. 2 Whart. Cr. Law, 2097, 2113; 2 Rup. Crimes, 292, 297; Reg. v. Boyd, 5 Cox, Cr. Cas. 502; U. S. v. Prescott [Case No. 16,084]. But the evidence must nevertheless establish its existence. And the evidence must further show that parties in consequence of this pretense were induced to part with their goods. And that this pretense was false, that is, that he was not in fact carrying on business as a merchant at Bainbridge, and dealing in the ordinary course of trade. It will be remarked that the statute is not against obtaining goods under all false colors and pretenses, but against the single one, that of carrying on business and dealing in the ordinary course of trade. Reg. v. Boyd, 5 Cox, Cr. Cas. 502; U. S. v. Prescott [supra].

If you find from the evidence that he made the pretense—that he was carrying on business as a merchant at Bainbridge, dealing in the ordinary course of trade—that the parties in consequence of this representation and pretense parted with their goods, and that in fact he was not carrying on business as a merchant at Bainbridge, dealing in the ordinary course of trade, then you will inquire whether the defendant obtained such goods with intent to defraud. This is an important element in the offense, and its existence must be established by the evidence in the case. This, however, may be established by facts and circumstances. If, therefore, you find that the proceedings in bankruptcy were commenced against the defendant, that he obtained upon credit from the parties the goods described in the indictment—within three months before the commencement of said proceedings, that he represented to them that he was carrying on business as a merchant at Bainbridge, and dealing in the ordinary course of trade—and that the parties, by reason of such representation, parted with the goods, and that he was not in fact carrying on business as a merchant at Bainbridge, and dealing in the ordinary course of trade—and that he obtained the goods with the intent to defraud, the defendant would be guil-ty under the first count of the indictment, if the goods were obtained from Meyers, Thieman & Co., and under the third and fourth counts if the goods were obtained from Shillito & Co.

The offense created by the tenth clause of this section, and which is charged in the second count in the indictment, is composed of the following elements: First. That proceedings in bankruptcy were commenced against the defendant. Second. That he sold the goods therein described. Third. That he sold them within three months next before the commencement of the proceedings in bankruptcy. Fourth. That the goods were obtained on credit, and unpaid for. Fifth. That the sale was not made in good faith, in the ordinary way of trade. Sixth. That the sale was made with the intent to defraud his creditors.

The first three elements constituting the offense under this clause, are the same as the first three elements constituting the offense under the ninth clause of the section, except in that, the goods were obtained and in this they were sold and it may be said of these as well as of the fourth element necessary to constitute the offense under this clause, that their existence is not seriously controverted. If you, therefore, find from the evidence in the case that proceedings in bankruptcy were commenced against the defendant; that he sold the goods described; that he sold them within three months next before the commencement of the proceedings in bankruptcy, and that the goods were obtained on credit and unpaid for, you will then inquire whether the sale was made in bad faith and out of the ordinary way of his trade? This also may be established by facts and circumstances. If you find that the sale was made in bad faith, and out of the ordinary way of his trade, you will then inquire whether the sale was made with intent to defraud his creditors. This, too, may be established by circumstances, but it must be shown to the satisfaction of the jury by them that the intent existed in the mind of the defendant at the time the sale was made. A question is made whether this intent must exist against the particular creditor from whom the goods were purchased or against his creditors in general? I think it clear that it must have existed against his creditors in general, and not against the particular creditor from whom the goods were purchased. U. S. v. Clark [Case No. 14,806]. If, therefore, you find from the evidence, that proceedings in bankruptcy were commenced against the defendant, that he sold the goods described, that the sale was within three months next before the commencement of the proceedings in bankruptcy, that the goods were obtained on credit and unpaid for, that the sale was made in bad faith out of the ordinary course of his trade, and that the sale was made with the intent to defraud his creditors, the defendant would be guilty under the second count in the indictment.

The legal presumption is that the defendant is innocent of the crime charged, and so strong is this presumption that it can only be overcome by evidence which establishes his guilt beyond a reasonable doubt; in civil cases the preponderance of evidence will justify a verdict, but it is not so in criminal cases, for no preponderance of evidence which falls short of removing from the minds of the jury every reasonable doubt of the guilt of the accused, will justify a verdict of guilty. In a criminal case, it is competent for the accused to put in evidence his former good character in relation to the particular crime with which he stands charged. Thus, in the present case, the character of the defendant for integrity and honesty as a merchant, is evidence to be considered by the jury upon the question of his guilt, for the reason "that it may not be probable that a man who has sustained a uniform good character for integrity and honesty will forfeit it by the commission of a fraudulent and dishonest act." If, therefore, the evidence satisfies your minds beyond a reasonable doubt of the guilt of the defendant, your verdict will be guilty, but if it does not so satisfy your minds it will be, not guilty.

Verdict of not guilty.